UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| LORRANCE B. DAIS, ) | |
| ) | |
| *Plaintiff*, ) | |
| v. ) | No. 1:11-cv-165 |
| ) | *Chief Judge Curtis L. Collier* |
| ) | |
| JIMMY SMITH, Sue in his Individual and ) | |
| Official Capacity; BRADLEY COUNTY ) | |
| SHERIFF'S OFFICE, ) | |
| ) | |
| *Defendants*. ) | |

## **M E M O R A N D U M**

Plaintiff Lorrance B. Dias ("Plaintiff" or "Dais") has filed a *pro se* prisoners civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims that on December 9, 2009, Defendant Detective Jimmy Smith ("Defendant") conducted a warrantless search of his Infiniti vehicle and U-Haul truck without probable cause (Court File No. 2). In addition, Plaintiff claims he was deprived of his property without due process in violation of the Fourteenth Amendment as he did not receive the notice of seizure and forfeiture as to his property that was confiscated at the time of arrest, until January 26, 2010.

For the reasons set forth herein, no service shall issue, and this complaint will be **DISMISSED** (Court File No. 2). In addition, his motion to proceed *in forma pauperis* will be **GRANTED IN PART** and **DENIED IN PART** (Court File Nos. 1 & 4).

**I.    Application to Proceed** *In Forma Pauperis*

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Since Plaintiff is a prisoner at the Atlanta U.S. Penitentiary in Atlanta, P.O. Box 150160, Atlanta,

GA 30315, he will be **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915. Therefore, Plaintiff's motion to proceed *in forma pauperis* will be **GRANTED IN PART** and **DENIED IN PART** (Court File No. 1). Plaintiff's motion to proceed *in forma pauperis* will be **DENIED** to the extent the filing fee will not be waived but **GRANTED** to the extent Plaintiff can file his complaint without the prepayment of the full filing fee. Therefore, Plaintiff is not relieved of the ultimate responsibility of paying the $350.00 filing fee, but rather, will be **ASSESSED** the entire filing fee and permitted to pay it in installments in accordance with the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 28 U.S.C. § 1915(b)(1); *see McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *abrogated on other grounds, Jones v. Bock*, 549 U.S. 199, 205 (2007).

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Ave., Room 309 Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

   (a)   twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

   (b)   twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the Warden and Trust Fund Officer of Atlanta U.S. Penitentiary, and the Commissioner of the Bureau of Prisons to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Plaintiff shall collect the filing fee as funds become available. This order shall become a part of the inmate's file and follow the inmate if he is transferred to another institution. The agency having custody of the Plaintiff shall continue to collect monthly payments from his prisoner account until the entire filing fee of $350.00 is paid.

Plaintiff will also be **ORDERED** to notify this Court of his change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify this Court of an address change and/or the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court.

## II.     Standard of Review

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt the plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the

3

claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).

In addition, the Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Furthermore, 28 U.S.C. §§ 1915A and 1915(e)(2) provides that the Court must dismiss a case at any time if the Court determines that it is frivolous or fails to state a claim upon which relief can be granted.

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). A claim is frivolous and lacks an arguable basis in law, on its face, when the complaint bears an affirmative defense such as the statute of limitations. *Dellis v. Corrections Corporation of America*, 257 F.3d 508, 511 (6th Cir. 2001)*;Day v. E.I. Du Pont De Nemours and Co.*, 165 F.3d 27 (6th Cir. Sept. 17, 1998), *available in* 1998 WL 669939 at *1 (the *sua sponte* dismissal of *in forma pauperis* complaint appropriate under 28 U.S.C. § 1915(e)(2) where complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face)(citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995)).

**III. Facts**

On December 9, 2009, Dais was served with a federal arrest warrant at Applebee's Restaurant in Athens, Tennessee and immediately taken into federal custody. Dais was searched

4

and $7800 cash, a wallet, car keys, and 2 grams of marijuana were confiscated. Defendant, using the keys confiscated from Plaintiff, unlocked the Infiniti vehicle and searched its contents, finding $600 in the trunk. In addition, Plaintiff was in possession of a U-Haul truck which was also searched.

To place Plaintiff's civil complaint into context, it is necessary to briefly discuss the result of his underlying criminal case as he claims the unconstitutional search of his vehicles occurred when he was arrested pursuant to a federal arrest warrant. On October 20, 2010, Dais was convicted by a jury of one count of kidnaping, one count of using and carrying a firearm during and in relation to a crime of violence, and one count of felon in possession of a firearm on July 5, 2000. *United States v.Dais*, 1:09-cr-187 (E.D. Tenn, 2009). The jury found him not guilty of conspiring to possess with intent to distribute cocaine on or about "December 2009" and of using and carrying a firearm during in relation to a drug trafficking offense on or about December 3, 2009 (Criminal Case No. 1:09-cr-187, Court File No. 90). Dais was sentenced to a total of 390 months imprisonment on March 11, 2011. Dais brings this instant complaint claiming he was subjected to a unconstitutional warrantless search and deprived of his property without due process in relation to his criminal federal case.

**IV.     Analysis - 42 U.S.C. § 1983 Claim**

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes*

*v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991), *cert. denied*, 502 U.S. 1032 (1992).

### A. *Identity of Defendants*

Plaintiff has named Detective Jimmy Smith and the Bradley County Sheriff's Office as defendants. The Bradley County Sheriff's Office is not a legal entity amenable to being sued under 42 U.S.C. § 1983. The Bradley County Sheriff's Office is not a municipality but is merely a municipal agency or department of Bradley County rather than a separate legal entity. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.1994)(police departments are not legal entities which may be sued); *Obert v. The Pyramid*, 381 F.Supp.2d 723, 729 (W.D.Tenn.2005) (police department is not a legally-existing entity); *see also De La Garza v. Kandiyohi County Jail,* 18 Fed. Appx. 436, 437 (8th Cir. 2001) (neither a county jail nor a sheriff's department is a suable entity); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments are not usually considered legal entities subject to suit"). Therefore, the Bradley County Sheriff's Office is not a suable entity for § 1983 purposes and all claims brought by Plaintiff against the Bradley County Sheriff's Office pursuant to 42 U.S.C. § 1983 will be **DISMISSED**.

### B. *Claims*

Dais brings two claims, i.e., he was subjected to an unconstitutional search, and he was deprived of his property without due process. For the reasons explained in this memorandum, Dais's claim under 42 U.S.C. § 1983 that he was subjected to an unconstitutional search will be dismissed as time-barred, and his claim that he was deprived of his property without due process will be dismissed for failure to state a claim upon which relief may be granted.

#### 1. *Unconstitutional Search Claim*

As a threshold matter, it does not appear that the favorable termination rule of *Heck v.*

6

*Humphrey*, 512 U.S. 477 (1994) is applicable to Plaintiff's case. *Heck* held that "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated," the plaintiff's § 1983 complaint must be dismissed if "a judgment in favor of the plaintiff could necessarily imply the invalidity of his conviction or sentence[.]". *Id.* at 487. As explained below, it does not appear that the
*Heck* favorable termination rule is applicable in this case, as the record does not reflect that the alleged unconstitutional search resulted in prosecution.

The record reflects the alleged unconstitutional search occurred at the time of Plaintiff's lawful arrest pursuant to a federal arrest warrant. However, Plaintiff does not contend and it does not appear from the record, that any of the items searched or confiscated were related to any of the federal crimes which resulted in his convictions. Although it is not clear from Plaintiff's complaint whether he is challenging the search of his person incident to his lawful arrest, even if he is challenging the search of his person and the confiscation of $7800 and 2 grams of marijuana he fails to raise a constitutional violation.[1] This is so because the Supreme Court has recognized "that officers may perform searches incident to constitutionally permissible arrests in order to ensure their safety and safeguard evidence." *Virginia v. Moore*, 553 U.S. 164, 178 (2008).

The Court discerns that Plaintiff is complaining about the search of the Infinite vehicle and U-Haul truck. The vehicle described in the criminal complaint presented to obtain the arrest warrant was a black BMW 745 (Criminal Case No. 1;09-cr-187, Court File No. 1). A review of the record

---

[1] Plaintiff was found not guilty of conspiring to possess with intent to distribute a mixture and substance containing cocaine and using and carrying a firearm during and in relation to that drug trafficking charge (Criminal Case No. 1:09-cr-187, Court File No. 90). Thus, it does not appear that there was any prosecution in relation to the alleged unconstitutional search of the vehicles.

7

does not reveal that the Infiniti or U-Haul truck was involved in the crimes for which Plaintiff was arrested or prosecuted. Thus it appears, the alleged illegal search of these vehicles are not related to his criminal judgment of conviction or the counts on which the jury found him not guilty. Therefore, *Heck* is not applicable as granting relief would not imply the invalidity of his judgment of conviction.

Turning to the timeliness of this claim, Dais filed his complaint on June 20, 2011. For purposes of 42 U.S.C. § 1983, state statutes of limitation and tolling principles shall apply to determine the timeliness of the claims asserted, s*ee Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985), as neither the United States Constitution nor the federal statutes enacted by Congress expressly provide a statute of limitations for claims arising under 42 U.S.C. § 1983. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (discussing the application of state law to determine statute of limitations in § 1983 and in such actions involving federal parties). Specifically, 42 U.S.C. § 1983 does not contain a statute of limitations. Where Congress does not specify a period of limitations in a federal statute for bringing a civil action, this Court is required to apply the most closely analogous state statute of limitation and tolling principles to determine the timeliness of the claims asserted. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). However, federal law determines the accrual of those claims.

Under Tennessee law, the statute of limitation for a civil action for compensatory or punitive damages brought under the federal civil rights statute is one year after the cause of action has accrued. The one-year statute of limitation period contained in Tenn. Code Ann. § 28-3-104(a)(3) applies to civil rights claims arising in Tennessee. *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Tenn. Code Ann. § 28-3-104(a)(3) provides that actions brought under federal civil rights

statutes shall be commenced within one year after the cause of action accrued. Federal law determines when claims accrue. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996), *cert. denied*, 520 U.S. 1267 (1997).

Generally, a tort cause of action accrues when there has been a violation of a legally protected interest, and such a violation usually occurs when a tort is committed. *See Echols v. Chrysler Corp.*, 633 F.2d 722, 725-26 (6th Cir. 1980). In 42 U.S.C. § 1983 cases, a cause of action accrues and the statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his complaint. *Kelly v. Burks*, 415 F.3d 558, 561 (6th cir. 2005); *Collyer*, 98 F.3d at 220. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991).

To determine when Plaintiff's 42 U.S.C. § 1983 claims accrued and the one-year statute of limitations commenced to run, we look to the date when Plaintiff became aware of the claims he now raises. *See generally Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (explaining that typically the statute of limitations for a claim alleging an unconstitutional search begins to run at the time when the plaintiff becomes aware of the unconstitutional action unless the action would imply the invalidity of a conviction). Plaintiffs have one year from the date a cause of action accrued within which to file federal civil rights claims under 42 U.S.C. § 1983.

Plaintiff gave the complaint to the prison mailroom on June 20, 2011. The prison mailbox rule provides that a filing by an incarcerated *pro se* inmate is deemed to be filed when he delivers the mail to prison authorities for mailing to the Court. *Houston v. Lack*, 487 U.S. 266 (1988). For purposes of calculating the statute of limitations Plaintiff's civil complaint is deemed to have been

9

filed June 20, 2011, Because the alleged unconstitutional search occurred on December 9, 2009, and, as explained previously in this Memorandum, it does not appear from the record before the Court that any prosecution or conviction resulted from the alleged illegal search, the concerns of the *Heck* favorable termination rule[2] are not implicated in this case, thus the Plaintiff's Fourth Amendment illegal search claim accrued at the time of the alleged illegal search, i.e., December 9, 2009. Therefore, the one-year statute of limitations commenced to run on that date. Consequently, the one-year statute of limitation expired on or about December 9, 2010, a little more than six months prior to Plaintiff filing this civil rights complaint.

Accordingly, Plaintiff's claim that he was subjected to an unconstitutional search will be **DISMISSED WITH PREJUDICE** as frivolous on the ground that this unconstitutional search claim is time-barred by the applicable statute of limitations, and therefore, lacks an arguable or rational basis in law. *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (claims barred by the statute of limitations are frivolous); *Day v. E.I. Du Pont De Nemours and Co.*, 165 F.3d 27 (6th Cir. Sept. 17, 1998), *available in* 1998 WL 669939 at *1 (the *sua sponte* dismissal of *in forma pauperis* complaint appropriate under 28 U.S.C. § 1915(e)(2) where complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face)(citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995)); *Ashiegbu v. Kim*, 145 F.3d 1329 (6th Cir. Apr. 24,

---

[2] To reiterate, the *Heck v. Humphrey*, 512 U.S. 477 (1994) favorable termination rule provides that a party cannot maintain a civil complaint under 42 U.S.C. § 1983 for alleged unconstitutional conduct or for harm caused by actions whose unlawfulness would render his federal judgment of conviction or sentence of imprisonment invalid unless his federal judgment of conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a federal court authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 or 2255. Thus, any claim by Plaintiff bearing that relationship to his judgment of conviction in this federal criminal case that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* at 486-87.

1998) *available at* 1998 WL 211796, *1 (affirmed dismissal of claim as frivolous because it was barred by statute of limitations and did not present a rational basis in law).

### 2. *Deprivation of Property Without Due Process*

Next, Plaintiff claims he was denied due process because he did not receive notice of the seizure and forfeiture of his property until January 26, 2010. Immediately after receiving the notice of seizure and forfeiture, Plaintiff maintains he requested a hearing which was denied on some unidentified date "due to a late filing of the documents[,]" which presumably contained a request for a hearing to claim interest in the property (Court File No. 2). Therefore, the Court is unable to determine when Plaintiff's due process claim accrued and his one-year statute of limitations commenced to run. Nevertheless, for the reasons explained below, Plaintiff's claim under 42 U.S.C. § 1983 that his property of the Infiniti vehicle, contents, and cash was seized and forfeited in violation of his due process rights will be dismissed.

Plaintiff claims Defendant deprived him of property without due process. In procedural due process claims, "the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." *Parratt v. Taylor*, 451 U.S. 527, 537 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986) ("[W]e ...overrule *Parratt* to the extent that it states that mere lack of due care by a state official may 'deprive' an individual of life, liberty, or property under the Fourteenth Amendment"). "[U]nauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful [state] postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Therefore, in order to state a

11

procedural due process claim under § 1983, "'the plaintiff must attack the state's corrective procedure as well as the substantive wrong.'" *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983)), *cert. denied*, 469 U.S. 834 (1984). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress due process violations." *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004).

Plaintiff has failed to state a deprivation of due process claim because he has not alleged the inadequacy of state post-deprivation remedies. In his complaint, Plaintiff attacks the Defendant's failure to serve or alert him of the notice of seizure and forfeiture, but he has not attacked the process of judicial review for the correction of errors by administrative agencies. Plaintiff has failed to state a deprivation of due process claim because he has not alleged the inadequacy of state post-deprivation remedies. Specifically, Plaintiff does not allege the process of judicial review for the correction of such errors is inadequate. In fact, Tennessee law provides a means by which individuals may challenge the orders of administrative agencies, such as the Department of Safety. The procedure and standards of review are set forth in the Uniform Administrative Procedures Act, codified at Tenn. Code Ann. § 4-5-322.

The Uniform Administrative Procedures Act provides "[a] person who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter, which shall be the only available method of judicial review." Tenn. Code Ann. § 4-5-322(a)(1). This section specifies that review proceedings "are instituted by filing a petition for review in the chancery court" within sixty days after entry of the agency's final order." The Uniform Administrative Procedures Act provides for judicial review of an administrative agency's decision pursuant to the following standard:

> The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are: (1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the authority; (3) Made upon unlawful procedure; (4) Arbitrary or capricious ... or (5) Unsupported by evidence which is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 4-5-322(h).

Plaintiff had the right to seek judicial review of the agency's forfeiture order and to raise constitutional challenges in the chancery court on appeal. Clearly, Tennessee courts do entertain constitutional challenges, such as the one Plaintiff raises, in appeals governed by Tenn. Code Ann. § 4-5-322. *See, e.g., Toyota Motor Credit Corp. v. State Dep't of Safety*, 2003 WL 22519810, at *3 (Tenn. Ct. App. Nov.7, 2003)(reviewing Department's forfeiture order under Tenn.Code Ann. § 4-5-322 and concluding that under the circumstances, Department's notice procedure violated federal due process); *Redd v. Tennessee Dept of Safety*, 895 S.W.2d 322, 334-35 (Tenn.1995)(reviewing lower courts' disposition of petitioner's appeal from order of forfeiture and concluding there were violations of federal due process when the department failed to provide adequate notice).

As set forth above, Plaintiff "may not seek relief under [s]ection 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [the] due process violations." *Jefferson v. Jefferson County Pub. Sch. Sys.,* 360 F.3d 583, 587-88 (6th Cir.2004). "Although one need not exhaust state remedies before bringing a Section 1983 action claiming a violation of procedural due process, one must nevertheless prove as an element of that claim that state procedural remedies are inadequate." *Marino v. Ameruso*, 837 F.2d 45, 47 (2nd Cir. 1988). Plaintiff has made no such showing, and his failure to do so is fatal to his action. Since there

13

is a clear procedure for judicial review of administrative orders under Tennessee law, but Plaintiff has failed to allege or prove the inadequacy of this "postdeprivation remedy," *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), he may not seek relief before this Court under 42 U.S.C. § 1983.

Accordingly, Plaintiff's due process claim will be **DISMISSED** for failure to state a claim upon which relief may be granted, i.e., failure to state a deprivation of due process claim because he has not alleged the inadequacy of state post-deprivation remedies. 28 U.S.C. § 1915A.

**V.     Conclusion**

For the reasons explained above, Plaintiff's complaint will be **DISMISSED WITH PREJUDICE** *sua sponte* as frivolous and for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983. 28 U.S.C. §§ 1915A and § 1915(e). In addition, his motion to proceed *in forma pauperis* will be **GRANTED IN PART** and **DENIED IN PART** (Court File Nos.1 & 4).

Accordingly, Plaintiff's complaint will be **DISMISSED** in its entirety. An appropriate order will enter.

        **/s/**
        **CURTIS L. COLLIER**
        **CHIEF UNITED STATES DISTRICT JUDGE**